UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE GRANDOE CORPORATION, | Case No. 11-CV-0947 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| GANDER MOUNTAIN COMPANY, | |
| Defendant. | |

Lisa Lamm Bachman, FAFINSKI MARK & JOHNSON, P.A.; Jared D. Kemper, FOLEY & MANSFIELD, PLLP, for plaintiff.

Dudley W. Von Holt, Paul M. Brown, THOMPSON COBURN LLP; John Edward Connelly, FAEGRE BAKER DANIELS LLP, for defendant.

This lawsuit arises out of a contract between plaintiff Grandoe Corporation ("Grandoe"), a manufacturer of gloves and other apparel, and defendant Gander Mountain Company ("Gander Mountain"), a retailer of outdoor sporting goods. Grandoe alleges that Gander Mountain agreed to buy approximately $3 million worth of Gander Mountain-branded gloves from Grandoe. In reliance on this alleged agreement, Grandoe purchased the necessary raw materials and manufactured the gloves. After ordering and paying for approximately $950,000 worth of the gloves, however, Gander Mountain refused to accept shipment of any additional gloves and denied that it had any legal obligation to order or pay for any additional gloves. As a result, says Grandoe, it is now stuck with over $2 million worth of gloves that it cannot sell because they are branded with Gander Mountain's trademarks.

Grandoe brings claims of breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraudulent and negligent misrepresentation, and unjust

enrichment. Gander Mountain moves for summary judgment on all claims. As the parties are familiar with the facts, the Court will not describe them in any more detail.

With respect to Grandoe's breach-of-contract claim, Gander Mountain's motion is denied. A reasonable jury could find that Gander Mountain's statements and conduct — culminating in a Gander Mountain buyer saying to a Grandoe representative, in January 2009, "Let me put your mind at ease. We're committed." *see* Lee Dep. 127 — objectively manifested Gander Mountain's intent to be bound to a contract for $3 million worth of gloves. Gander Mountain argues that its vendor manual precludes such a finding, noting that the manual is incorporated into every Gander Mountain purchase order, *see* Def.'s Ex. C ¶ 1.2, and that vendors are deemed to have agreed to the terms of the manual by virtue of accepting a purchase order, *id.* ¶ 1.4. In particular, the vendor manual states that forecasts and projections are not orders and are not binding on Gander Mountain unless Gander Mountain agrees to be bound by them in writing, *id.* ¶ 2.1, and that Gander Mountain has no obligation to place orders with a vendor, *id.* ¶ 8.1.

Gander Mountain argues that, as a matter of law, these statements preclude the existence of a contract for anything more than the gloves for which Gander Mountain issued purchase orders. The Court disagrees. There is no doubt that these statements are relevant to whether Gander Mountain and Grandoe formed a contract — and, if so, whether that contract was for $3 million worth of gloves. But Gander Mountain's argument that the statements preclude the existence of a contract as a matter of law depends on its unexplained assumption that these statements were contractually binding on Grandoe at the time that, according to Grandoe, the parties entered into a contract. Gander Mountain has no plausible theory for why this assumption

is correct. By its terms, the vendor manual is incorporated into Gander Mountain's purchase orders. But by the time Gander Mountain began to issue purchase orders for the gloves in April 2009, Gander Mountain had already committed (according to Grandoe) to buy the full $3 million worth of gloves. If a jury agrees with Grandoe that Gander Mountain was contractually committed to the full $3 million of gloves before it issued any purchase order, then the after-the-fact incorporation of the vendor manual into the purchase orders cannot unilaterally undo that contract.

Gander Mountain also argues that whatever agreement the parties may have reached was too indefinite to constitute a contract. The Court disagrees. The parties exchanged spreadsheets detailing essentially everything about the gloves, including styles, colors, sizes, quantities, and unit costs. Def.'s Exs. H, I. In light of the parties' (alleged) agreement as to these basic terms, their failure to specify such terms as shipping dates and locations does not preclude the formation of a contract.[1] *See* Minn. Stat. § 336.2-204(3) ("Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy."). The Court therefore denies Gander Mountain's motion for summary judgment on Grandoe's breach-of-contract claim.[2]

---

[1]The Court notes that the spreadsheets appear to include shipping dates for at least some products. Def.'s Exs. H, I.

[2]With respect to Grandoe's claim for breach of the covenant of good faith and fair dealing, however, Gander Mountain's motion is granted. Although every contract within the Uniform Commercial Code includes a duty of good faith and fair dealing, Minn. Stat. § 336.1-304, breach of that duty does not give rise to an independent cause of action. The commentary to Minn. Stat. § 336.1-304 makes this clear: "[T]he doctrine of good faith merely directs a court
(continued...)

Likewise, the Court denies summary judgment on Grandoe's promissory-estoppel claim. Gander Mountain argues that Grandoe's reliance, if any, was not reasonable. *See Heidbreder v. Carton*, 645 N.W.2d 355, 371 (Minn. 2002) (promissory estoppel requires proof of reasonable reliance). But a jury could find that Grandoe reasonably relied on Gander Mountain's statements in deciding to manufacture the gloves.

The Court also denies Gander Mountain's motion with respect to Grandoe's claim of fraudulent misrepresentation. Grandoe alleges that Gander Mountain's buyer, Jeanne Hall, misrepresented Gander Mountain's intent to purchase the gloves. Gander Mountain acknowledges that a party can be liable for a fraudulent statement as to its intent to perform a future act if "the promisor had no intention to perform at the time the promise was made." *Vandeputte v. Soderholm*, 216 N.W.2d 144, 147 (Minn. 1974). Gander Mountain argues, however, that there is no evidence that Hall knew or should have known that Gander Mountain would *not* purchase all of the gloves.

Gander Mountain's argument is based on a misreading of the law. To recover on its fraud claim, Grandoe need not prove that, at the time that Hall expressed her (and, by extension, Gander Mountain's) intent to purchase the gloves, Hall had formed an intent *not* to buy the gloves. It is enough for Grandoe to prove that, at the time that Hall expressed her intent to purchase the gloves, she had *not* formed an intent *to* buy the gloves. The fraud lies in representing that the speaker has an intent that she does not have. *See Ritchie Capital Mgmt.,*

---

²(...continued)
towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached." Minn. Stat. § 336.1-304 U.C.C. cmt. 1.

*L.L.C. v. Jeffries*, 653 F.3d 755, 764 (8th Cir. 2011) ("It is indeed black-letter law that a 'representation of the maker's own intention to do or not to do a particular thing is fraudulent if he does not have that intention' at the time he makes the misrepresentation." (quoting Restatement (Second) of Torts § 530(1) and citing *Vandeputte*).  There is ample evidence that, at the time that Hall told Grandoe that she intended to purchase the gloves, Hall did not have such an intention.  Indeed, Hall repeatedly testified that she did not consider Gander Mountain to be committed to anything until it issued a purchase order.  *See* Hall Dep. 11-12, 17, 98-99.  The Court therefore denies Gander Mountain's motion for summary judgment as to Grandoe's fraudulent-misrepresentation claim.

With respect to Grandoe's claim of negligent misrepresentation, however, Gander Mountain's motion is granted.  Absent "a professional, fiduciary, or special legal relationship in which one party had superior knowledge or expertise," Minnesota does not impose a duty of reasonable care between "two sophisticated business people, both watching out for their individual interests while negotiating at arm's length."  *Williams v. Smith*, No. A10-1802, A11-0567, 2012 WL 3192812, at *10-11 (Minn. Aug. 8, 2012); *see also Children's Broad. Corp. v. Walt Disney Co.*, 245 F.3d 1008, 1019-20 (8th Cir. 2001); *Safeco Ins. Co. of Am. v. Dain Bosworth Inc.*, 531 N.W.2d 867, 871-72 (Minn. Ct. App. 1995); *Crosstown Holding Co. v. Marquette Bank, N.A.*, No. A04-1693, 2005 WL 1154271, at *6 (Minn. Ct. App. May 17, 2005).  There is no evidence of "a professional, fiduciary, or special legal relationship" here, nor is there any evidence that "one party had superior knowledge or expertise."  *Williams*, 2012 WL 3192812, at *10.  To the contrary, Gander Mountain was an ordinary buyer, Grandoe was an ordinary seller, and the parties were negotiating an ordinary commercial transaction.  Grandoe's

claim for negligent misrepresentation therefore fails. *Children's Broad. Corp.*, 245 F.3d at 1019-20 ("Because there is no evidence that ABC Radio and Children's had a special relationship, ABC Radio owed no duty of care to Children's.").

Finally, with respect to Grandoe's unjust-enrichment claim:  To prevail on a claim of unjust enrichment, Grandoe must prove that Gander Mountain knowingly received something of value to which it was not entitled and under circumstances that would make it unjust to permit its retention.  *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 613 (8th Cir. 1998). Gander Mountain argues that it has not been unjustly enriched because it has paid for all of the gloves that it received.  In response, Grandoe makes two points:

First, Grandoe argues that Gander Mountain received a benefit by virtue of the fact that Grandoe manufactured and carried a full inventory during the 2009-2010 season, which in turn enabled it to meet Gander Mountain's glove requirements "at the time, direction, and location of Gander Mountain's bidding."  ECF No. 30 at 33-34.  So far as the Court can understand this assertion, Grandoe seems to be claiming that it delivered gloves faster than it would have delivered them if Gander Mountain had not (in Grandoe's view) tricked Grandoe into manufacturing more gloves than Gander Mountain intended to order.  Setting aside the amorphous and (likely) unquantifiable nature of this benefit, Grandoe cites no evidence to support it.  Grandoe argues that Gander Mountain's buyer admitted that she made "some commitment" to buyers so that buyers could meet Gander Mountain's deadlines.  Hall Dep. 69. But that is a far cry from evidence that Grandoe's maintenance of a larger-than-necessary inventory conferred some kind of benefit on Gander Mountain.  Grandoe thus cannot maintain a claim of unjust enrichment on this basis.

Second, Grandoe argues that Gander Mountain received a benefit in the form of a discount on Grandoe's off-season-production gloves in exchange for Gander Mountain agreeing to buy in-season-production gloves at regular prices. In contrast to Grandoe's other unjust-enrichment claim, there is some evidence supporting this assertion. Friedman Dep. 61-62, Nov. 29, 2011. And although Gander Mountain derides this theory as "novel," the Court sees no reason why evidence that a retailer unjustly received a discount on some items by falsely claiming that it would buy other items at regular prices would not support a claim for unjust enrichment. *Cf. Cherne Contracting Corp. v. Marathon Petroleum Co.*, 578 F.3d 735, 739, 745 (8th Cir. 2009) (noting plaintiff's claim that it had provided a discounted rate in expectation of a larger scope for the project, but ultimately concluding that the unjust-enrichment claim failed because the parties' relationship was governed by a contract); *Viking Supply v. Nat'l Cart Co.*, 310 F.3d 1092, 1094 (8th Cir. 2002) (noting defendant's unjust-enrichment counterclaim, not at issue on appeal, in which defendant alleged that plaintiff had fraudulently induced defendant to reduce its price). The Court therefore denies Gander Mountain's motion for summary judgment on this claim.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 20] is GRANTED IN PART and DENIED IN PART.

2. Defendant's motion is GRANTED with respect to plaintiff's claims of (a) breach of the covenant of good faith and fair dealing, (b) negligent misrepresentation, and

        (c) unjust enrichment to the extent that the unjust-enrichment claim is based on the contention that plaintiff's maintenance of a larger-than-necessary inventory conferred a benefit on defendant. These claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3.     Defendant's motion is DENIED in all other respects.

Dated: August 14, 2012                        s/Patrick J. Schiltz
                                                          Patrick J. Schiltz
                                                          United States District Judge